DUSAL CHEMICAL COMPANY, Respondent, *v.* SOUTHERN PACIFIC COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, January, 1918.)

Carriers — notification to — bills of lading — dismissal of complaint — Interstate Commerce Commission — Personal Property Law, § 219.

A common carrier's obligation under a straight bill of lading is completed upon delivery of the goods to the consignee therein named and it need not require the surrender of the bill of lading itself.

In such case the carrier having delivered the goods to the consignee without the bill of lading which bore upon its face the words " Draft against B/L " is in nowise concerned as to whether the goods have been paid for, and a judgment in favor of the consignor upon a claim that because of the notice delivery should not have been made without the production of the bill of lading will be reversed and the complaint dismissed.

Under section 219 of the Personal Property Law protection to the consignor could have been secured by notification to the carrier that a third party was the transferee of the bill of lading.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, in favor of plaintiff.

Esselsyn & Haughwout, for appellant.

A. Frank Cowen (Bernard Cowen, of counsel), for respondent.

LEHMAN, J.   The plaintiff shipped certain goods from New York to " Brown's Drug Store " in New Orleans.   The goods were shipped on a " straight " bill of lading.   The defendant delivered the goods to the consignee named in the bill and the plaintiff has brought this action and recovered judgment upon a claim that the defendant had no right to deliver to the consignee without the production of the bill of lading because the bill bore on its face the words " Draft against B/L."

The rules of the Interstate Commerce Commission provide for straight bills of lading and order bills of lading and the forms to be used for uniform bills of lading.   The bill of lading in this case is concededly in the form provided for a straight bill of lading.   The law governing the obligation of carriers under such a bill of lading has been clearly set forth in the case of

*Mayer* v. *Southern Pacific Co.*, 95 Misc. Rep. 498. There is no doubt that the carrier's obligation is completed under such a bill of lading when it delivers the goods to the named consignee and it need not require the surrender of the bill itself.  It is claimed, however, that in this case the defendant received notice through the words " sight-draft against B/L " that the consignee was not entitled to receive the bill of lading until he paid a sight draft.  Assuming that the carrier did have such notice I do not see how such notice would increase the obligation of the carrier, as defined by law under his contract.  The plaintiff relies largely on the provision of section 227 of the Personal Property Law of this state as a basis for such obligation. The shipment here was an interstate shipment, the obligation under this contract is regulated by the federal statutes and rules and the legislature of this state could not, if it would, alter these obligations. As a matter of fact, however, I do not think that the Personal Property Law of this state sets forth any rule or imposes any obligation different from that arising under the federal rule.  The carrier under section 227 of that law at most had notice " that the seller intended to require payment of the draft before the buyer should be entitled to receive or retain the bill " but, inasmuch as a carrier must deliver goods under a straight bill of lading to a consignee even where such consignee has not the bill in his possession, I cannot see how such notice can require the carrier to demand the production of the bill of lading or at its peril to learn whether the sight draft has been paid.  The consignor could have protected itself by taking an order bill or, if it preferred a straight bill, protection could have been secured by notification to the carrier that a third party was the transferee of the bill.  See Pers. Prop. Law, § 219.  In the absence,

however, of such notification the defendant properly delivered the goods in accordance with its obligation under a straight bill of lading and was in nowise concerned with any question whether or not the consignor had been paid for these goods.

It follows that the judgment should be reversed, with thirty dollars costs, and the complaint dismissed, with costs.

Weeks and Finch, JJ., concur.

Judgment reversed, with costs.